JOHN GORMAN ET AL. v. THE STATE OF TEXAS.

A bail bond which describes A. B. as principal " conditioned, that whereas an indictment has been preferred against A. B.," etc., "now if the above bounden ———— shall make his personal appearance at the next term," etc., if in other respects good, is not vitiated by the failure to insert the name of A. B. after the word "bounden," but may be enforced as the bond of A. B.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

*Jones & Sayers*, for appellant.—The omission of the name of the principal, to-wit, "John Gorman," in the

condition of the bond, is fatal.  The bond being statu-
tory, must comply in letter as well as in spirit with the
requirements of the law, upon which its validity de-
pends.   By reference to Article 2732, Paschal's Digest, it
will be perceived that the second requisite of a bail bond
is imperative, and unless this requirement is satisfied the
bond will be nugatory.  (Daily v. The State, 4 Texas,
417; The State v. Cotton, 6 Texas, 425; Cotton v. The
State, 7 Texas, 547; McDonough v. The State, 19 Texas,
294.)  In the case at bar the name of the principal is
omitted, and that fact should have been held as a reason
sufficient for the discharge of the defendants (appellants)
in the court below.

*Attorney-General*, for appellees.

OGDEN, J.—There is no error in the judgment of the
District Court in this case.   John Gorman, as principal,
with others as sureties, entered into bond in the sum of
$200, conditioned that, whereas, an indictment had been
preferred against John Gorman, etc.   *   *   Now if the
above bounden ———— shall make his personal appear-
ance at the next term of the District Court, to be holden
at the court house in the town of Bastrop, on the fourth
Monday in November, 1871, to answer said indictment,
etc.   It is contended that the blank in the condition after
bounden vitiates the bond for uncertainty, but we do not
so understand the force of the bond nor the requirements
of the statute.

John Gorman was the principal in the bond; he was
the party indicted, and it is very clear that he was the de-
fendant, and the one to answer to the indictment found
against him, and if his name had been inserted in the
blank it would not have made the conditions more certain
or definite.   The above bounden meant John Gorman, the

8

defendant, and could, by no legitimate construction of the language or the law, have reference to any one else.

The judgment is affirmed.

                                                AFFIRMED.